UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DESTINY BAILEY, individually and on behalf of all similarly situated, | |
| Plaintiff, | CIVIL ACTION |
| vs. | FILE NO. 5:18-CV-00128-TES |
| NEON COWBOY LOUNGE, JOHN CHAMBERS, and VEEDA CHAMBERS, | FLSA COLLECTIVE ACTION |
| Defendants. | |

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release ("Agreement") is made and entered into by and between, on the one hand, DESTINY BAILEY, ("Plaintiff"); and, on the other hand, NEON COWBOY LOUNGE, INC., JOHN CHAMBERS, AND VEEDA CHAMBERS (collectively "Neon Cowboy Defendants" of "Defendants"). For purposes of this Agreement, Plaintiff and Defendants are collectively referred to as the "Settling Parties".

WHEREAS, Plaintiff previously worked as an entertainer at Neon Cowboy Lounge, Inc. d/b/a Strippers; and

WHEREAS, Plaintiff has alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); and

WHEREAS, the Settling Parties desire to resolve all matters that are or might be disputed between them without further recourse to legal or other proceedings.

NOW, THEREFORE, for and in consideration of the agreements, representations, covenants and warranties recited hereinafter, and for other good and valuable considerations, the receipt and sufficiency of which are hereby acknowledged by the Plaintiff, the Settling Parties do hereby agree, covenant and warrant as follows:

1. **Settlement Payment**. Defendants agree to pay to Plaintiff and her attorneys ("Plaintiff's Counsel") the total sum of $21,422.00 ($10,119.00 in compensatory damages and liquidated damages plus $10,596.64 in attorneys' fees and $706.36 in costs) ("Settlement Payment") in full settlement all FLSA claims the Plaintiff has against Defendants or any of them through the date of settlement.

2. **Timing of Payments**. Defendants shall deliver an initial payment of $4,000.00 ("Initial Payment") payable Plaintiff and Plaintiff's Counsel not later than December 15, 2018. The Initial Payment shall be allocated as follows: (1) the sum of $2,000.00 payable to Plaintiff and (2) the sum of $2,000.00 payable to Plaintiff's Counsel.

After the Initial Payment is made, Defendants agree to pay the remaining $17,422.00 in equal installments over a period of forty-eight (48) months and each payment shall be due not later than the 15th day of the month. The payments shall be allocable as follows: (1) the sum of $169.15 payable to Plaintiff and (2) the sum of $193.81 payable to Plaintiff's counsel. The installment payments for the period of December 2018 through March 2019 will be made with the Initial Payment. No taxes will be taken out of the Settlement Payment made to Plaintiff's Counsel or to the Plaintiff.

An IRS Form 1099 will be issued by Neon Cowboy Lounge, Inc. to Plaintiff and Plaintiff's Counsel. Plaintiff's Counsel agrees to supply to Neon Cowboy Lounge, Inc. his

federal tax I.D number.  Prior to the delivery of any Settlement Payment, Plaintiff and Plaintiff's Counsel agree to complete and return to Defendants' Counsel an IRS Form W-9.  Plaintiff agrees that she is responsible for any and all taxes that may be due as a result of receiving the Settlement Payment.  The portion of the Settlement Payment Plaintiff will be made payable to Plaintiff and mailed to Plaintiff's Counsel at 4200 Northside Parkway, Building 1, Suite 200, Atlanta, GA 30327, and the portions allocable to Plaintiff's Counsel will be made payable to Dudley Law, LLC at 4200 Northside Parkway, Building 1, Suite 200, Atlanta, GA 30327.  Plaintiff's counsel will be solely responsible for disbursing the Settlement Payment to Plaintiff.

3. **Release of Claims.**  In consideration of the payments in paragraphs 1 and 2 above, Plaintiff for herself, her heirs, executors, administrators, successors and assigns, hereby forever and finally mutually release, settle, waive, reach accord and satisfaction, remise, discharge, promise not to sue, and acquit Defendants, their respective current and former owners, directors, officers, management personnel, employees, agents, attorneys, representatives, and the successors and assigns of them ("Released Parties") from each, all causes of action arising under the Fair Labor Standards Act, including but not limited to any and all claims for costs and attorneys' fees arising or existing up to the date Plaintiff executes this Agreement.

4. **No Admission of Liability**.  The Settling Parties acknowledge that they are compromising disputed claims.  The Settling Parties acknowledge that there are bona fide disputes as to liability for any wage-related claims, including the number of days and hours Plaintiff worked, the amount of any "tip outs" or reimbursable expenses, and compensation due.

5. **Plaintiff's Representations**. Plaintiff represents that she is legally competent and authorized and able to compromise and settle all claims against Defendants and that she owns and has assigned any claims settled herein.

6. **Severability**. Each provision of this Agreement (including specifically the confidentiality and non-disparagement provisions) shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction, so as to render it enforceable.

7. **Entire Agreement**. The Parties acknowledge that they have carefully read all terms of this Agreement; that this settlement arose in the context of an FLSA claim in which the Parties were represented counsel; and that this Agreement contains the entire agreement between Plaintiff and Defendants and supersedes all previous understandings and agreements between the Parties, whether oral or written. The Parties hereby acknowledge and represent that they have not relied on any representation, assertion, guarantee, warranty, collateral contract or other assurance, except those set out in this Agreement, made by or on behalf of any other party or any other person or entity whatsoever, prior to the execution of this Agreement; and that they enter into this Agreement voluntarily and in exchange for the consideration described herein, which they acknowledge is adequate and satisfactory. Further, the Parties acknowledge that they have been given a reasonable amount of time to consider this Agreement, they understand its terms, and they have consulted with their attorneys before agreeing to it.

8. **Modification of Agreement**. This Agreement may not be modified or amended except in writing, signed by the respective counsel for the Settling Parties.

9. **Construction and Interpretation**. This Agreement constitutes the entire agreement between the Settling Parties. Except as provided herein, this Agreement has not been executed in reliance upon any other oral or written representation or terms, and no such extrinsic oral or written representations or terms shall modify, vary, or contradict its terms. In entering this Agreement, the Settling Parties agree this Agreement is to be construed according to its terms and may not be varied or contradicted by extrinsic evidence. This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement, or any specific term or condition thereof. Georgia law shall govern the constructions and interpretation of this Agreement.

10. **Counterparts**. This Agreement may be executed in one or more counterparts each of which when so executed shall be deemed an original and all such counterparts together shall constitute one and the same instrument and shall be fully effective as if signed by all parties whether or not the signatures of all the parties appear on the original or any one copy of the Agreement. Signatures transmitted or delivered by e-mail or facsimile shall be acceptable and shall have the same force and effect as if containing an original signature.

11. **Continuing Jurisdiction, Default, Enforcement, Consent Judgment.**

(a). **Continuing Jurisdiction.** The Parties acknowledge and agree that the United States District Court for the Middle District of Georgia must review and approve this Agreement, and if approved, it shall make it an order of the court. The Parties submit to the continuing

personal jurisdiction of the court to enforce its order, including this Agreement and the consent judgment discussed below.

(b).  **Event Of Default And Cure Period.**  In the event the Defendants fail to make payment to Plaintiff or her counsel in accordance with the terms of Agreement, it shall constitute a default.  The Defendants shall have a grace period of three (3) days from the date payment is due to cure such default by delivering the entirety of a payment then due to Plaintiff and her counsel not later than 5 P.M. on the third day.  If the default is not cured, the entire remaining balance shall immediately become due and payable.

(c).  **Enforcement Of Agreement, Consent Judgment.**  All Defendants shall jointly and severally execute a consent judgment in favor of Plaintiff and her counsel in the entire amount of damages and attorneys' fees owed, and the original judgment shall be held in trust by Plaintiff's counsel.  The consent judgment may be filed of record by Plaintiff or her counsel and enforced in the event of a default and failure to cure the default by the Defendants as set forth above.  A consent judgment so filed shall be immediately enforceable without further notice, motions, proceedings or other actions being taken by Plaintiff and her counsel, and Plaintiff and her counsel shall each be entitled to issuance of a writ of execution.  Plaintiff and her counsel shall be entitled to post-judgment interest on the balances owed under the consent judgment at the federal statutory rate stated in 28 U.S.C. § 1961.  No Defendant shall have the right to appeal the filing of a consent judgment after an uncured default, and each Defendant hereby expressly waives all right to appeal the entry of a consent judgment against it after an uncured default.

(d).  **Records Requirement, Credit To Defendants For Payments Made.**  The Defendants shall create and maintain records of all payments made under this Agreement until

each Plaintiff and her counsel is fully paid, and the Plaintiff and her counsel shall maintain records of all payments received until fully paid. If a consent judgment is filed by Plaintiff or her counsel in response to an uncured default, the Defendants shall receive credit for the amount actually paid to Plaintiff and her counsel.

(e). **Rights Of Counsel.** This Agreement specifically provides for right of payment to Plaintiff's counsel for fees owed and the duty of the Defendants to make payments to Plaintiff's counsel. For the purposes of this Paragraph 11, a reference to Plaintiff shall include Plaintiff and her counsel even if not expressly stated above, and any right, duty, benefit or right of action of Plaintiff to enforce this Agreement shall also inure to her counsel.

**AGREED AND ACCEPTED BY:**

**PLAINTIFF DESTINY BAILEY:**

**Date:** _____   _____

**NEON COWBOY LOUNGE, INC.:**

**By:**_____

**Date:** _____

**Title:**_____

**DEFENDANT JOHN CHAMBERS:**

**Date:** _____   _____

**DEFENDANT VEEDA CHAMBERS:**

**Date:** _____   _____