**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **DESTINY BAILEY, individually and on behalf of all similarly situated,**<br><br>    *Plaintiff,*<br><br>**v.**<br><br>**STRIPPERS, INC.,** *et al.,*<br><br>    *Defendants.* | **CIVIL ACTION NO.**<br>**5:18-cv-00128-TES** |

**ORDER GRANTING SECOND CONSENT
MOTION TO APPROVE SETTLEMENTS OF CLAIMS
ARISING UNDER THE FAIR LABOR STANDARDS ACT**

Plaintiff Destiny Bailey, individually and on behalf of all similarly situated entertainers, initially brought this action against Strippers, Inc., d/b/a Strippers Gentlemen's Club; John Chambers; and Veeda Chambers (collectively "Defendants") for their alleged failure to pay her "the minimum wage and overtime wage for all hours worked" in violation of 29 U.S.C. §§ 206 and 207 of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). [Doc. 1 at ¶ 4]. Because Stripper's, Inc. was not a party in interest in this case, the Court, with the parties' consent, dismissed Stripper's, Inc. and added Neon Cowboy Lounge, Inc. as the proper corporate entity in this case. [Doc. 18].

The parties previously moved the Court to approve five proposed settlement agreements, [Docs. 31-3, 31-4, 31-5, 31-6, 31-7], and the Court denied their Joint Motion

for Settlement Approval without prejudice. *See* [Docs. 31, 34]. The parties amended their proposed settlement agreement and filed their Second Consent Motion to Approve Settlements of Claims Arising Under the Fair Labor Standards Act [Doc. 36], which the Court **GRANTS** for the reasons stated below.

## DISCUSSION

### A.    Standard of Review

In the Eleventh Circuit, FLSA actions may not be settled privately; instead, the Department of Labor must supervise the payment of back wages or a court must enter a stipulated judgment after it has determined that the proposed settlement is "a fair and reasonable [resolution] of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).

### B.    The Parties' Amended Settlement Agreements

As the Court determined in its previous Order denying the parties' original motion for settlement approval, there are bona fide disputes in this case, namely disputes as to liability for certain wage-related claims. [Doc. 34 at p. 2]; *see e.g.*, [Doc. 36-3 at p. 3]. The Court denied the original motion because the settlement agreements contained several pervasive release provisions and required Plaintiff to refrain from participating in any lawsuits against Defendants regardless of the type of claim. *See generally* [Docs. 31-3, 31-4, 31-5, 31-6, 31-7].

The Court read and considered the revised settlement agreements and they now contain only narrow release language pertaining only to claims arising under the FLSA through the date of settlement. [Doc. 36 at p. 2]; *see also* [Docs. 36-1, 36-2, 36-3, 36-4, 36-5]. In accordance with the Court's prior Order, the parties have stricken the "Promise Not To Sue" provision and the clause requiring Plaintiff to refrain from lawsuits regarding "other statutory, tort, quasi-contract, or contract claim or action which might be brought in any court." *See, e.g.*, [Doc. 31-3 at p. 4]. They have also amended their settlement agreements so that they do not contain any pervasive release language. *See, e.g.*, [Doc. 36-1]. Upon review, the amended settlement agreements comport with all of the requirements of the FLSA, are fair and reasonable, and contain no problematic provisions. Accordingly, the settlement agreements submitted as exhibits to the parties' Second Consent Motion to Approve Settlements of Claims Arising Under the Fair Labor Standards Act [Doc. 36] are due to be approved.

<u>CONCLUSION</u>

Having reviewed the parties' brief [Doc. 35-1] in connection with their amended settlement agreements [Docs. 36-1, 36-2, 36-3, 36-4, 36-5], the Court determines that each agreement is in accordance with the mandates discussed in the Court's previous Order. *See* [Doc. 34 at pp. 3–5]. For these reasons, the Court **GRANTS** the parties' Second Consent Motion to Approve Settlements of Claims Arising Under the Fair Labor Standards Act [Doc. 36] and **TERMINATES** the parties' previously filed Second Consent

Motion to Approve Settlements of Claims Arising Under the Fair Labor Standards Act [Doc. 35] **as moot**.[1] Accordingly, pursuant to the Certification of Counsel submitted by counsel of record in this case stating that "the five (5) draft settlement agreements for Plaintiffs Bailey, Bridgeman, Chrisley, Floyd, and Uresti submitted with this motion are the agreements that will be executed by the parties and will control the settlement among the parties," it is hereby **ORDERED** that those settlement agreements [Docs. 36-1, 36-2, 36-3, 36-4, 36-5] are approved. [Doc. 36 at pp. 2–3].

It is **FURTHER ORDERED** that the parties shall perform in accordance with the written settlement agreements as submitted to this Court on April 16, 2019.

**SO ORDERED**, this 17th day of April, 2019.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] On April 15, 2019, the parties submitted their initial revised settlement agreements for Court approval. [Doc. 35]. However, upon review of the attached settlement agreements, the Court found one provision that still contained pervasive release language. *See, e.g.*, [Doc. 35-3 at p. 2]. After conferring with the parties, they agreed to remove the offending language and refile additional revised settlement agreements thereby mooting their initial Second Consent Motion to Approve Settlements of Claims Arising Under the Fair Labor Standards Act [Doc. 35]. *See, e.g.*, [Doc. 36-1 at p. 2].